IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-00479-FL

| | |
|---|---|
| BRENDA ROBINSON, Administratrix of the Estate of Donald Robinson, Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | ORDER |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings (DE ## 9, 11), with benefit of memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr. (DE # 13), to which defendant has objected (DE # 14). In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

On September 26, 2003, plaintiff filed applications for disability insurance benefits and supplemental security income payments alleging a disability onset date of July 14, 2003. (Tr. 78-81, 485-88). These claims were denied initially and again upon reconsideration. (Tr. 37-38, 50-54, 56-58, 489-94). On December 8, 2005, hearing was held before Administrative Law Judge ("ALJ") Edward W. Seery. (Tr. 495-549). The ALJ issued decision denying benefits on April 17, 2006. (Tr. 12-24). The Appeals Council denied plaintiff's request for review on August 19, 2007. (Tr. 6-8). On December 5, 2008, plaintiff filed a complaint in this court seeking review of the final decision of the Commissioner. Donald Robinson died on April 5, 2008, and on August 29, 2008, this court

granted plaintiff's motion to substitute decedent's wife Brenda Robinson as plaintiff.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Here, the magistrate judge ably summarized the disability evaluation process at issue and the factual history of this case. (M&R pp. 3-10). No objection to these parts of the M&R has been filed. Upon close scrutiny, the court deems sufficient detail to be contained therein for pronouncement on these motions. These parts of the M&R are incorporated herein without more.

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir.

2

1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

## B. Analysis

The magistrate judge recommends this case be remanded because the ALJ failed to comply with the requirements of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). (M&R p. 12-14). In Craig, the Fourth Circuit reiterated a two-part process, grounded in the applicable regulations, for determining whether a claimant is disabled by pain or other symptoms. 76 F.3d at 594. First, the ALJ must consider whether there is objective medical evidence of an underlying medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Id.; 20 C.F.R. §§ 416.929(b), 404.1529(b). This is often referred to as the "threshold test." 76 F.3d at 594. If this first step is satisfied, the ALJ must then evaluate the intensity and persistence of the pain, and the extent to which it affects claimant's ability to do work. Id. at 595. The regulations provide that in performing this second step, the ALJ must take into account "all available evidence," including both objective medical evidence and the claimant's subjective statements. Id.; 20 C.F.R. §§

3

416.929(c)(3), 404.1529(c)(3).

> On the record before it, the court in <u>Craig</u> held:
>
> The ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains.

76 F.3d at 596. Here, the ALJ found that "[t]he claimant's statements about his impairments and their impact on his ability to work are not entirely credible in light of the objective medical evidence." (Tr. 19). The ALJ also found "that the claimant alleges greater limitations than can reasonably be supported by the objective findings concerning his condition." (<u>Id.</u>). As the ALJ did not expressly determine whether the claimant demonstrated an impairment capable of causing these limitations, the magistrate judge recommended remand of this case on the issue of credibility to the Commissioner to undertake an analysis in accordance with <u>Craig</u>.

Defendant contends that the ALJ implicitly found that plaintiff had underlying impairments capable of causing the degree and type of pain alleged. An implicit finding, however, does not satisfy the standard set forth in <u>Craig</u>, which demands that the ALJ "expressly consider" this step of the analysis. 76 F.3d at 596. Similarly, the ALJ's findings that plaintiff had "severe" loss of vision, post-traumatic stress disorder, low back pain with arthritis, and suffered from drug and alcohol abuse are also insufficient. In properly conducting the threshold test, the ALJ does not merely determine whether there is objective evidence of a medical impairment, but whether that impairment is capable of causing the degree and type of pain claimant alleges. Accordingly, the court in <u>Craig</u> did not consider the ALJ's finding that claimant had "severe impairments of the musculoskeletal system"

4

an adequate performance of the threshold test. 76 F.3d at 589, 596.

Whether Craig strictly requires a case be remanded if the ALJ fails to expressly find the first step of the two-part test has been met is not a new question in the district courts of this circuit. A recent opinion recognized a "serious split within the Fourth Circuit regarding this issue." Davis v. Astrue, 2008 WL 696920 at *19 (N.D. W. Va., March 13, 2008). As presented in the M&R, several courts have held that an ALJ's failure to expressly find that the threshold test has been met is grounds for remand.[1] On the other hand, some district courts have been willing to implicitly read into the administrative decision a finding favorable to the plaintiff on the threshold test on the basis that the ALJ undertook the second part of the analysis.[2]

In the present case, plaintiff argues the ALJ did not follow the proper procedure in finding that his allegations of pain and limitations were not credible. The plaintiff in Craig objected to the standard applied by the ALJ in making that same determination, to which the court responded, "[T]he ALJ did not expressly consider the threshold question of whether [claimant] had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. . . . Accordingly, we remand to the ALJ." 76 F.3d at 596 (emphasis added). The

---

[1] See Hill v. Comm'r of Soc. Sec., 49 F. Supp. 2d 865, 870 (S.D. W. Va. 1999) (remanding a case because the ALJ failed to expressly rule on the first part of the test, despite defendant's argument that a favorable determination for plaintiff on the issue would still result in a denial of benefits); see also Clowney v. Astrue, 2008 WL 2557445 at *5 (D.S.C. June 20, 2008) ("Most critically, the ALJ did not consider the threshold inquiry whether or not the plaintiff's impairments could reasonably be expected to create the symptoms alleged. . . . This error alone justifies remand."); Davis, 2008 WL at *19 (Rejecting defendant's argument that the ALJ's in-depth analysis of the second part of the test indicated the ALJ must have found for plaintiff at the first step on the grounds that Craig "imposes on the ALJ a duty to expressly state whether the objective evidence shows an impairment that could cause the pain claimed.").

[2] See Basu-Dugan v. Astrue, 2008 WL 3413296 at *3 (M.D.N.C. August 8, 2008) ("[I]t is evident from the ALJ's opinion that he agrees with Plaintiff that her claimed impairments could reasonably be expected to produce the pain she alleges. Otherwise, there would be no reason for the ALJ to proceed to a lengthy step two Craig analysis."); see also Ketcher v. Apfel, 68 F. Supp. 2d 629, 650-51 (D. Md. 1999) (finding that even though the ALJ did not specifically state claimant's alleged pain could result from claimant's impairments, the ALJ must have made that determination because he noted the impairments were "severe.").

5

language could not be more direct, and this court "cannot ignore the clear edict of the Court of Appeals in Craig." Davis, 2008 WL at *19, n.3.[3]

The compelling need for a fully developed record is particularly apparent here, where the ALJ found "plaintiff had severe loss of vision in the right eye, post-traumatic stress disorder, low back pain with arthritis, and drug and alcohol abuse." (Deft's Obj. to M&R, pp. 3-4). Defendant argues this shows an implicit finding by the ALJ that plaintiff had underlying impairments that could reasonably be expected to produce the pain alleged. (Id. at 4). However, as the ALJ did not expressly consider the first step, the court is left to speculate as to which of these impairments the ALJ believed could have caused the alleged limitations and pain. On a similar set of facts, a district court determined remand was necessary "because the court cannot speculate as to the ALJ's reasoning." Gavigan v. Barnhart, 261 F. Supp. 2d 334, 339-40 n.7 (D. Md. 2003).

Defendant also argues that to the extent the ALJ's failure to expressly conduct the threshold test was error, that error was harmless and thus remand would be a waste of judicial resources. This court is not persuaded by defendant's reliance on Ngarurih v. Ashcroft, 371 F.3d 182 (4th Cir. 2004). Defendant cites Ngarurih for the rule that "reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." Id. at 190, n.8. The court notes that the test is a disjunctive one, and that it would be a strained argument indeed to claim that the ALJ's error of failing to follow the proper process has "no bearing on the procedure used."

---

[3]Defendant's attempts to distinguish district court cases cited in the M&R from the present case do not distinguish the present case from Craig. Defendant contends that in the district court cases cited in the M&R, the court remanded on additional grounds as well as failure to conduct the threshold test; however, the court in Craig remanded solely for the reason this court remands. Defendant also states that in this case, the magistrate judge did not find the ALJ's analysis at prong two of the two-step process was inadequate. The court in Craig did not make such a finding either. See also Roberts v. Astrue, 2008 WL 867945 at *8 (S.D. W. Va. March 28, 2008) (remanding for failure to expressly consider step one of the test even though the "ALJ clearly considered the requisite factors under the second part of the analysis.").

Further, it cannot be said that the ALJ's error clearly had no bearing on the decision reached. See Bradley v. Barnhart, 463 F. Supp. 2d 577, 582 (S.D. W. Va. 2006) ("[I]f it is determined that the claimant has demonstrated by objective medical evidence an impairment or impairments capable of causing the degree and type of pain he alleges, the supporting findings to that effect may shed some light on the credibility of his subjective claims of disabling pain.").

Neither party objects to the magistrate judge's discussion of plaintiff's contention that the ALJ erred by failing to discuss claimant's disability rating decision of the Department of Veterans Affairs, and after reviewing the record, the court adopts the magistrate judge's recommendation on that issue. As stated in the M&R, the administrative ruling on the issue of credibility on remand will affect those remaining issues raised by plaintiff regarding whether the ALJ erred in determining alcohol was a factor material to claimant's disability, and so the court does not address those arguments here.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion for judgment on the pleadings is DENIED, and the case is REMANDED to the Commissioner for further administrative proceedings consistent with this order. The clerk of court is directed to close this case.

SO ORDERED, this the 23rd day of October, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge